UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**GREGORY HOLT**                                                                                                **PLAINTIFF**
A/K/A Abdul Malik Muhammad
ADC #129616

v.                                        **CASE NO. 4:09cv00776 BSM**

**MIKE BEEBE, et al.**                                                                                           **DEFENDANTS**

**ORDER**

Plaintiff, currently held at the Pulaski County Detention Facility, filed a *pro se* complaint [Doc. No. 2], pursuant to 42 U.S.C. § 1983, on September 29, 2009, naming as defendants Arkansas Governor Mike Beebe, Arkansas Attorney General Dustin McDaniel, and Pulaski County Prosecuting Attorney Larry Jegley.

I.  SCREENING

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations, however, must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. ANALYSIS

According to plaintiff's complaint, he was served with an *ex parte* temporary order of protection from the Pulaski County Circuit Court on June 9, 2009 in a case numbered DR09-2623. After a brief hearing, plaintiff asserts, an order of protection was entered for a term of 10 years. Plaintiff alleges that he was served with a no contact order in a pending Pulaski County criminal matter (number CR09-2188) on July 9, 2009. For relief, plaintiff seeks for Act 266 of 1991 and Act 331 of 2009 to be declared unconstitutional, and an injunction staying their enforcement pending resolution of this case. Plaintiff is apparently referring to Arkansas' Domestic Abuse Act of 1991, Ark. Code Ann. § 9-15-101 et seq., which provides for orders of protection upon the application of individuals claiming to be victims of domestic violence; and Ark. Code Ann. § 5-53-134, which provides that violation of an order of protection issued pursuant to the Domestic Abuse Act is a criminal offense.

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal

courts should abstain from interfering in ongoing state proceedings.  The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges.  *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994).  If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Plaintiff describes case CR09-2188 as a "pending criminal case."  Although he is not specific, it appears from plaintiff's complaint that his criminal matter arose from the initial *ex parte* temporary order of protection.  Given that the criminal matter is ongoing, that the state clearly has an important interest in enforcing criminal laws and preventing domestic abuse, and plaintiff's ability to raise constitutional challenges in the context of his criminal case, the court believes it should abstain from entertaining plaintiff's constitutional claims.

There is no indication of bad faith, harassment, or any other extraordinary circumstance which would make abstention inappropriate. When *Younger* abstention applies in a case where only injunctive or equitable relief is sought, it is clear that the appropriate disposition is dismissal of the federal action. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). Accordingly, plaintiff's claim must be dismissed.

### III. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 8th day of January, 2010.

_____
UNITED STATES DISTRICT JUDGE